UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | | |
|---|---|---|
| ROBERT PINNEY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 09-CV-297-KSF |
| | ) | |
| vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

**** **** ****

Plaintiff Robert Pinney is an inmate incarcerated at the Federal Medical Center in Lexington,

Kentucky.  Pinney has filed an action under the Federal Tort Claims Act under 28 U.S.C. § 2671

*et seq.* ("FTCA").  [Record No. 2]   The Court has granted Pinney's motion [Record No. 3] to pay

the $350 filing fee in installments pursuant to 28 U.S.C. § 1915 by prior Order.  [Record No. 4]

Having reviewed the Complaint,[1] the Court must dismiss it because Pinney's claims under the FTCA

are barred by the applicable statute of limitations.

In his Complaint [Record No. 2] Pinney indicates that as a result of osteoarthritis in his right

hip and surgery on his right knee he has used a wheelchair for mobility since prior to his arrival at

FMC-Lexington in December 2007.  In January 2008, his wheelchair was repaired by inmates at the

---

[1] The Court conducts a preliminary review of civil rights complaints.  28 U.S.C. § 1915A;
*McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997).  Because the plaintiff is not
represented by an attorney, the complaint is reviewed under a more lenient standard. *Burton v. Jones*,
321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999).  At this
stage the Court accepts the plaintiff's factual allegations as true and his legal claims are liberally
construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001).  But the Court must
dismiss a case at any time if it determines the action (a) is frivolous or malicious, or (b) fails to state
a claim upon which relief can be granted.  28 U.S.C. § 1915(e)(2).

"wheelchair shop" to fix a mechanical failure.  Shortly thereafter, on February 6, 2008, the right leg lift collapsed, pulling Pinney out of the chair and on to the floor where he sustained injuries.  A subsequent x-ray taken at Good Samaritan Hospital in Lexington, Kentucky indicated a fracture of his supracondylar right femur.  An orthopedic consultant determined that surgery was not advisable because of his other medical conditions, but Pinney's right knee was immobilized with directions to not bear weight on the limb for 4-6 weeks and medications were prescribed to address pain and swelling.

On May 20, 2008, Pinney sent a letter to the Bureau of Prisons seeking administrative settlement of his claim under the FTCA that the BOP was negligent in maintaining his wheelchair, causing his injuries.  [Record No. 2-3, "*Claim for Damage, Injury, or Death*"]  On July 17, 2008, the BOP denied that request, and indicated that Pinney must file any suit under the FTCA within six months. [Record No. 2-2, "*Claim Denial Letter*"]

On September 22, 2008, Pinney filed suit under the FTCA in this Court, asserting claims functionally-identical to those asserted here.  *Pinney v. United States*, 08-CV-382-KSF, Eastern District of Kentucky.  [Record No. 2 therein]  While Pinney's Complaint indicated that the BOP's July 17, 2008, letter denying his request for settlement was attached as Exhibit One to the Complaint, no such letter was received or docketed.  [Record No. 2 therein at ¶ 10]  Because the BOP's denial of Pinney's request for settlement was an unwaivable prerequisite to the Court's subject matter jurisdiction over his claim, 28 U.S.C. § 2675(a); *McNeil v. United States*, 508 U.S. 106 (1993), on September 25, 2008, the Court directed Pinney to file the letter into the record within 30 days. [Record No. 3]  When Pinney made no response for nearly four months, on January 22, 2009, the Court dismissed the Complaint without prejudice.  [Record Nos. 6, 7]  At no time did Pinney file a motion for additional time to comply with the original order, or file a motion for reconsideration

or notice of appeal from the judgment dismissing that case.

On July 20, 2009, two days short of six months later, Pinney filed a "Refiled Complaint" in that action. [Record No. 8 therein]  The Refiled Complaint contained substantially-identical allegations as the original complaint in that action, but also explained that (1) the original denial letter was filed with the complaint but had apparently been lost; (2) Pinney had lost his copy of the denial letter; and (3) Pinney was unable to obtain a replacement copy from the BOP until June 20, 2009.  On July 29, 2009, the Court entered an Order striking the re-filed Complaint because the action had been closed upon dismissal of the initial complaint without prejudice, and explaining that any attempt to re-assert the claims presented in his previously-dismissed Complaint must be pursued in a new action. [Record No. 11 therein]  On August 28, 2009, Pinney filed his Complaint in this action, containing the same allegations as his prior complaints.

There is no question that Pinney's original Complaint in the prior action, filed just two months after the BOP denied his request for administrative settlement, was timely filed within the six-month window permitted under 28 U.S.C. § 2675(a).  However, that action was dismissed without prejudice when Pinney did not respond in any way to the Court's orders requiring information establishing its subject matter jurisdiction over his claims.  The dismissal of the prior action did not "reset" the six-month time period to initiate suit, nor did it toll the running of the statute of limitations during its pendency. *Kington v. United States*, 396 F.2d 9, 10-11 (6th Cir. 1968) (filing of prior actions, which were dismissed without prejudice, does not toll running of FTCA statute of limitations, because "an action dismissed without prejudice leaves the situation the same as if the suit had never been brought.").  Because the prior suit is disregarded for limitations purposes, "[i]n effect, therefore, there was nothing to suspend the operation of the limitation period. Thus [ ... ] 'a party cannot deduct from the period of limitations the time during which the action [ ... ]

dismissed without prejudice was pending.'" *Dupree v. Jefferson*, 666 F.2d 606, 611 (D.C. Cir. 1981) (*citing Bomer v. Rubicoff*, 304 F.2d 427, 428 (6th Cir. 1962)).

Because the original suit is simply disregarded for limitations purposes, Pinney's suit was required to be filed on or before January 17, 2009 - six months after the BOP's July 17, 2008, denial letter. Pinney's Complaint, filed on August 28, 2009, is therefore not timely filed. Because a timely-filed complaint is a jurisdictional prerequisite to invoke the FTCA's limited waiver of the United States' sovereign immunity, this action must be dismissed with prejudice. *Garrett v. United States*, 640 F.2d 24, 25 (6th Cir. 1981) (timely-filed action under FTCA, subsequently voluntarily dismissed by the plaintiff, did not toll running of the limitations period under 28 U.S.C. § 2401, and hence second FTCA action filed outside limitations period was time-barred); *see also Ruth v. Unifund CCR Partners*, 2009 WL 585847, **7 (N.D. Ohio 2009).

Accordingly, **IT IS ORDERED** that:

1.  The Plaintiff's Complaint [Record No. 2] is **DISMISSED WITH PREJUDICE**.

2.  The Court will enter an appropriate Judgment.

Entered on November 25, 2009.



**Signed By:**

*Karl S. Forester* K S F

**United States Senior Judge**